# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| FARAMARZ MEHDIPOUR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-268-SLP |
| | ) | |
| LISA DENWALT-HAMMOND, | ) | |
| C. WESLEY LANE, II, and | ) | |
| DAVID PRATER, | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R

Plaintiff, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. Before the Court is the Report and Recommendation [Doc. No. 6] issued by United States Magistrate Judge Bernard M. Jones pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).

## I. **Background**

Plaintiff's § 1983 claims arise from alleged unconstitutional conduct of the Defendants in relation to Plaintiff's state court conviction in Case No. CF-1991-3221, District Court of Oklahoma County, State of Oklahoma. He names three defendants: (1) former Oklahoma County Assistant District Attorney C. Wesley Lane, II; (2) former Oklahoma County Assistant District Attorney Lisa Denwalt-Hammond; and (3) Oklahoma County District Attorney David Prater.

As set forth in the Report and Recommendation, Plaintiff was convicted of intimidating a state's witness in 1993, but the Oklahoma Court of Criminal Appeals

(OCCA) overturned his conviction in 1995. *See* R&R at 1-2. In 1996, Plaintiff was re-tried for attempting to intimidate a state's witness and convicted of the crime. The OCCA affirmed his conviction on direct appeal, *see Mehdipour v. State*, 956 P.2d 911 (Okla. Cr. App. 1996), and to date, Plaintiff has been unsuccessful in attempts to overturn the conviction either through direct appeal to the OCCA or in federal habeas corpus proceedings. *Id*. at 2-3 (discussing litigation history).

Judge Jones conducted a screening of the Complaint, *see* 28 U.S.C. § 1915A(a)(b), and has recommended that the Court: (1) dismiss Plaintiff's claims against Defendant Lane with prejudice; and (2) dismiss Plaintiff's claims against Defendants Hammond and Prater "and any general claims challenging his 1996 conviction" as premature pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).

Plaintiff filed an Objection [Doc. No. 9] to the Report and Recommendation and states, as an initial matter, that a challenge to the conviction underlying his § 1983 claims is "underway in a separate action soon to be filed in this Court, under 28 U.S.C.A. §§ 2241 and 2254[.]" *See* Pl.'s Obj. at 1. Plaintiff objects to dismissal of Defendant Lane on grounds of prosecutorial immunity and contends that he was "deliberately and affirmatively act[ing] outside the legitimate role as a prosecutor when he knowingly filed a malicious self-serving, felony information." *Id*. at 2. Plaintiff further argues Defendants Hammond and Prater are not entitled to immunity – a ground upon which no recommendation of dismissal was made. But Plaintiff fails to address the Magistrate

Judge's recommendation that *Heck* bars his § 1983 claims for monetary damages and declaratory relief.[1]

## II.    Governing Standard

Dismissal under § 1915A(b)(1) for failure to state a claim upon which relief may be granted is governed by the same standards as those governing a dismissal under Fed. R. Civ. P. 12(b)(6). *See, e.g., Witmer v. Grady Cty. Jail*, 483 F. App'x 458, 461 (10th Cir. 2012). Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III.   Discussion

The Court concurs with the Magistrate Judge's *Heck* analysis and finds Plaintiff's § 1983 claims against all Defendants are barred by *Heck* because Plaintiff's claims imply the invalidity of his conviction and sentence and Plaintiff has not demonstrated his 1996 conviction and sentence have been invalidated. *See also Mehdipour v. Chapel*, 12 F. App'x 810, 813 (10th Cir. 2001) (finding virtually identical claims for § 1983 relief brought by Plaintiff against Defendant Hammond to be barred by *Heck*). Indeed, Plaintiff's "clarification" in his objection that he intends to challenge his conviction and sentence in

---

[1] *See Coleman v. United States Dist. Court of New Mexico*, 678 F. App'x 751, 754 (10th Cir. 2017) ("The *Heck* doctrine bars claims for which a judgment in the plaintiff's favor would imply the invalidity of his conviction or sentence" and "applies regardless of whether a plaintiff seeks damages or declaratory or injunctive relief.").

a separate action serves to further underscore the imposition of *Heck* as a bar to proceeding with any § 1983 claims in this action.[2]

As stated, the Magistrate Judge further recommended dismissal with prejudice of Plaintiff's claims against Defendant Lane on grounds of absolute prosecutorial immunity. *See* R&R at 4-5. "[A] prosecutor is entitled to absolute immunity for those actions that cast him in the role of an advocate initiating and presenting the government's case. Absolute immunity, however, does not extend to those actions that are investigative or administrative in nature, including the provision of legal advice outside the setting of a prosecution." *Mink v. Suthers*, 482 F.3d 1244, 1261–62 (10th Cir. 2007). In determining immunity, the court accepts the allegations of the Complaint as true. *Kalina v. Fletcher*, 522 U.S. 118, 122 (1997).

Plaintiff's Complaint alleges that on the date of the charged offense, he was at the courthouse to discuss with Defendant Lane a return of his property that had been seized in Case No. CF-1990-1338 on charges of receiving stolen property, because he had been acquitted of those charges. *See* Compl. at 5-6; Pl.'s Aff. [Doc. No. 1-1], ¶ 2-4, 6. Plaintiff claims Defendant Lane "became belligerent and threatened Plaintiff" telling him to leave or Defendant Lane would file charges against Plaintiff. *Id*. at 6. According to Plaintiff, he was falsely accused of being present at the courthouse to intimidate a witness who was there waiting to testify as an informant in a criminal matter. *Id*. at 6-10. Plaintiff alleges

---

[2] In wholly conclusory fashion, Plaintiff alternatively requests a stay of this action during the pendency of his "soon-to-be-filed" habeas action. *See* Pl.'s Obj. at 4. Because Plaintiff fails to demonstrate any habeas action is currently pending and fails to articulate any sufficient facts or legal bases to support a stay, his request is denied.

he did not know the witness and had no idea what was going on, but was at the courthouse simply to discuss with Defendant Lane the return of his property. *Id.* Plaintiff alleges that in bringing criminal charges against him for attempted witness intimidation Defendant Lane acted with malice or with careless disregard. *Id*. at 10. Plaintiff also alleges that Defendant Lane's tone and demeanor have led him to believe that Defendant Lane was acting in retaliation for Plaintiff having been acquitted of the stolen property charges or acting in a discriminatory manner due to Plaintiff's Iranian heritage. *Id*.

In his objection, Plaintiff contends the Magistrate Judge "mistakenly frames Defendant Lane as acting in his role as a prosecutor" based on these allegations, but that the Complaint "clearly shows Defendant Lane acting outside his legitimate administrative role" and instead "maliciously retaliating against Plaintiff for bothering to seek release of his own personal property." Obj. at 2.

The distinction between actions which are primarily investigative or administrative in nature and actions which are taken in connection with the judicial process is not always clear; "there is no bright line between advocacy and investigation." *Mink*, 482 F.3d at 1261. Here, the Court finds the allegations of the Complaint are unclear, and at times, seemingly inconsistent, as to whether Plaintiff's claim against Defendant Lane is entirely based on his official duties as a prosecutor, i.e., "initiating and presenting the government's case" as opposed to "those actions that are investigative or administrative in nature." *Minx v. Knox*,

613 F.3d 995, 999 (10th Cir. 2010).[3]  Plaintiff's allegations plausibly encompass conduct of Defendant Lane as a witness personally vouching for the facts which served as the basis for the charges brought against Plaintiff.  *Cf. Kalina*, 522 U.S. at 129-31 (prosecutor's preparation and filing of motion for arrest warrant were part of an advocate's function and entitled prosecutor to absolute immunity but prosecutor's certification for determination of probable cause placed prosecutor in the role of a witness precluding absolute immunity). The Court, therefore, declines to dismiss Plaintiff's claims against Defendant Lane with prejudice on grounds of prosecutorial immunity.  Instead, the Court finds the claims against Defendant Lane should be dismissed without prejudice pursuant to *Heck*, for substantially the same reasons addressed by the Magistrate Judge in relation to Defendants Hammond and Prater.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 6] is ADOPTED, in part, and Plaintiff's § 1983 claims against Defendants are dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

A separate judgment of dismissal will be entered contemporaneously with this Order.

IT IS SO ORDERED this 21st day of June, 2018.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[3] *See also* R&R at 5 n. 3 (addressing claim against Defendant Prater and noting that prosecutorial immunity is not proper where conduct at issue relates to "administration or investigation (or lack thereof)[.]"